UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

25 CV 1834

KINJI P. SCOTT, ) 5512 The Alameda ) Baltimore, Maryland 21239 ) ) Plaintiff, ) ) v. ) Civil Action No. _____ ) MAYOR AND CITY COUNCIL OF BALTIMORE, ) Baltimore City Hall ) 100 N. Holliday Street ) Baltimore, Maryland 21202 ) ) Defendant. )

USDC- BALTIMORE
'25 JUN 10 AM 11:17

HD

COMPLAINT FOR VIOLATION OF FEDERAL CIVIL RIGHTS

Rcv'd by: _____

Plaintiff, Kinji P. Scott, respectfully files this civil rights action against the Mayor and City Council of Baltimore for failure to provide habitable housing, failure to intervene or enforce emergency repairs after repeated notifications, violation of disability rights, and indifference to ongoing public health and life-threatening housing hazards in violation of the United States Constitution and federal housing law.

PRELIMINARY STATEMENT

This is not a simple landlord-tenant dispute. This is a federal civil rights case arising from the failure of a municipality to uphold basic duties owed to a disabled citizen residing in publicly subsidized housing. Plaintiff has suffered ongoing harm due to dangerous, unsanitary, and uninhabitable living conditions knowingly permitted and ignored by City agencies and officials for over 260 days. The Plaintiff remains in this hazardous unit as of the date of this filing.

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343 (civil rights violations under color of law).

2. Venue is proper in this judicial district under 28 U.S.C. §1391 because the events giving rise to this claim occurred in Baltimore City, Maryland.

PARTIES

3. Plaintiff, Kinji P. Scott, is a 55-year-old disabled resident of Baltimore City receiving Social Security Disability and enrolled in an HIV housing assistance program under the supervision of the Mayor's Office of Homeless Services (MOHS).

4. Defendant, Mayor and City Council of Baltimore, is the municipal governing body responsible for the enforcement of housing codes, health and safety inspections, and disbursement of federal housing subsidies.

FACTUAL ALLEGATIONS

5. Plaintiff resides at 5512 The Alameda, Baltimore, MD 21239. He has lived there since 2018 under a subsidized lease.

6. On or about September 27, 2024, Plaintiff notified City officials, including Case Manager Jervie Brown, of the inoperable toilet and unsafe conditions.

7. Between March 12 and May 28, 2025, the Plaintiff lived without a stove for 85 days, despite repeated efforts to notify the landlord and city of the danger. A carbon monoxide leak was confirmed on March 12, 2025, and the stove was condemned by Baltimore City Fire Department (Report No. BCFD-2025-03-12-0017).

8. On or about May 13, 2025, Plaintiff formally alerted the Mayor's Office of the hazardous conditions, including the non-functional toilet and the collapsed ceiling caused by water damage.

9. As of the date of this filing, the toilet remains inoperable, unflushable, and continues to leak into the floor and ceiling below.

10. On June 5, 2025, the kitchen ceiling collapsed directly above where Plaintiff had been standing, striking him and causing injuries documented by Good Samaritan Hospital.

11. The collapse revealed mold, water damage, and exposed electrical wiring—all of which constitute imminent dangers under HUD habitability standards and Maryland State Housing Code § 12-203.

12. Plaintiff has provided supporting documentation from Johns Hopkins Medical professionals confirming that continued exposure to these conditions worsens his disability and health.

13. Plaintiff has made more than five formal complaints to City agencies, including an open investigation by the Office of Inspector General (OIG), yet no emergency response, relocation assistance, or substantive repairs have been initiated by the City.

CAUSES OF ACTION

Count I – Violation of the Fair Housing Act (42 U.S.C. §3601 et seq.)

14. The City failed to reasonably accommodate Plaintiff's disability by not enforcing safe housing standards or responding to life-threatening hazards despite repeated notice.

Count II – Violation of the Americans with Disabilities Act (42 U.S.C. §12101 et seq.)

15. The City failed to provide equal access to services and safe housing due to Plaintiff's disability status, and knowingly ignored complaints for over 260 days.

Count III – Violation of 42 U.S.C. §1983 (Civil Rights Deprivation Under Color of Law)

16. Defendant acted under color of state law in failing to remedy hazardous conditions and permitted a known danger to persist, violating Plaintiff's rights to due process and equal protection.

Count IV – Violation of Housing Quality Standards (24 C.F.R. §982.401)

17. The unit failed HUD-required standards including:

Lack of a working toilet (Section (b)(2)(ii))

Lack of adequate sanitation (Section (b)(3))

Unsafe ceiling and exposed wiring (Section ©(5))

Count V – Breach of HUD Obligations and Contractual Failures

18. The City failed to enforce provisions of the Housing Assistance Payments (HAP) contract and allowed overpayment of rent by Plaintiff due to failure to deliver a clear lease.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant violated Plaintiff's rights under federal housing and civil rights law; B. Issue a preliminary injunction requiring the City to immediately inspect the unit and order full repairs or relocation; C. Order an accounting of all rent and subsidy payments made to the landlord; D. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Kinji P. Scott*
/s/ Kinji P. Scott Kinji P. Scott, M.A. 5512 The Alameda Baltimore, MD 21239 (667) 334-4271 Pro Se Plaintiff